UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D James Hadel and Robert Dalsin, as Fiduciaries of the NATIONAL ROOFING INDUSTRY PENSION PLANS; James Hadel and John Plescia, as Fiduciaries of the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,<br><br>        Plaintiffs,<br><br>        vs.<br><br>WILLIS ROOF CONSULTING, INC., a Nevada Corporation; JOSEPH A. WILLIS, individually and as Trustee of the Joemar Irrevocable Trust, as Trustee under an Agreement Dated June 24, 1997, and as Trustee of the Joseph Arthur Willis Separate Property Trust; MARIE E. WILLIS, individually, and as Trustee of the Willis J & M 1990 Living Trust Agreement; JOHN DOES I-XX; and ROE ENTITIES I-XX,<br><br>        Defendants. | Case No.: 2:06-cv-01032-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Permanent Injunction–#45) |

      Before the Court is Plaintiffs' (the "Trusts") **Motion for Permanent Injunction** (#45), filed July 3, 2008. The Court has also considered Willis Roof Consulting, Inc.'s ("Willis Roof") Opposition (#55), filed (August 5, 2008), and the Trusts' Reply (#61), filed August 19, 2008.

1

**BACKGROUND**

The Court incorporates the background information set forth in its companion order (#68) denying the Trusts' motion to strike, and here summarizes additional facts relevant to their Motion for Permanent Injunction.

An audit of Willis Roof's records was completed on June 12, 2008, for the period of January 2000 through December 2007. According to the Trusts, the audit report concluded Willis Roof owes them in excess of eight million dollars in principal, interest, liquidated damages, and attorney fees. Willis Roof alleges the audit report is inadmissible and unreliable due to assumptions and data errors in it.

The Trusts now move the Court for a permanent injunction ordering Willis Roof to (1) pay amounts allegedly owed to them; and (2) submit reports and make contributions to them for the period of any collective bargaining agreement to which Willis is bound. (Mot. 1–2.) The Court denies the Trusts' Motion for the following reasons.

**DISCUSSION**

**I.     Procedural Posture of Plaintiffs' Motion**

Invoking Federal Rules of Civil Procedure 56 (summary judgment) and 65 (preliminary injunctions and temporary restraining orders), the Trusts request relief that would dispose of essentially all issues in this case.

"An order granting a permanent injunction is a final order." *Golden Gate Hotel Ass'n v. City & County of San Francisco*, 13 F.3d 1482, 1483 (9th Cir. 1994) (citation omitted). Despite the comprehensive and conclusive nature of the remedy the Trusts seek, they do not utilize the mechanisms generally employed to obtain such relief, such as a motion to dismiss or a motion for summary judgment. *See* Fed. R. Civ. P. 12(b), 56. Instead, the Trusts request only permanent equitable relief, and the Court therefore considers their request under standards relevant to that remedy.

## II.     ERISA and Permanent Injunctive Relief

ERISA requires employers "obligated to make contributions . . . under the terms of a collectively bargained agreement" to "make such contributions in accordance with the terms and conditions of" the agreement. 29 U.S.C. § 1145 (2008). The statute likewise provides remedies for violations of such agreements: under its provisions, courts may award damages in the amount of unpaid contributions, interest, and "other legal or equitable relief as the court deems appropriate." *Id.* § 1132(g)(2). Where appropriate, such relief may include injunctive relief. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993); *Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*, 384 F.3d 667, 671 (9th Cir. 2004).

"There are no specific procedures under ERISA, however, which cover the issuance of injunctions. Accordingly, the right to injunctive relief is determined based on traditional standards." *Gould v. Lambert Excavating, Inc.*, 870 F.2d 1214, 1217 (7th Cir. 1989) (citations omitted).[1] The Court therefore rejects the Trusts' arguments for application of an alternative standard, and instead applies those traditionally governing permanent injunctions.

To obtain a permanent injunction, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006) (quoted in *N. Cheyenne Tribe v. Norton*, 503 F.3d 836, 843 (9th Cir. 2007)).

---

[1] *See also Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1228–29 (N.D. Cal. 2005) (denying ERISA plaintiff's request for injunctive relief for failure to show irreparable injury or inadequacy of legal remedies); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 400 (3d Cir. 1991) ("[w]hile ERISA unquestionably grants courts the power to issue preliminary injunctions, nothing in ERISA indicates that, where monetary relief is requested, the traditional requirement of irreparable harm need not be shown") (citation omitted); *Gould*, 870 F.2d at 1221 ("injunctions sought under ERISA are subject to the traditional equity analysis, including a finding of irreparable harm"); *Laborers Fringe Benefit Funds Detroit and Vicinity v. Nw. Concrete Constr., Inc.*, 640 F.2d 1350, 1353 (6th Cir. 1981) (applying traditional injunction standards in ERISA matter); *Fanning v. High Mountain Inspection Servs., Inc.*, 520 F. Supp. 2d 55, 58 (D.D.C. 2007) (same).

1  The Supreme Court declared the "key word" in the injunction analysis "is
2  *irreparable*. Mere injuries, however substantial, in terms of money, time and energy . . . , are not
3  enough. The possibility that adequate compensatory or other corrective relief will be available at a
4  later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."
5  *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petroleum Jobbers Ass'n. v. FPC*, 259
6  F.2d 921, 925 (D.C. Cir. 1958)) (emphasis in original) (internal quotation marks omitted).  Hence,
7  "monetary injury is not normally considered irreparable" for purposes of injunctive relief. *Nelson*
8  *v. National Aeronautics & Space Admin.*, 530 F.3d 865, 881 (9th Cir. 2008) (citation and internal
9  quotation marks omitted).[2]

10  Unlike temporary restraining orders and preliminary injunctions, a permanent
11  injunction will issue generally "only after a right thereto has been established at a trial on the
12  merits." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice &
13  Procedure § 2941 (2d ed. 1995) (citations omitted). *See also Amoco Prod. Co. v. Vill. of Gambell,*
14  *Alaska*, 480 U.S. 531, 546 n.12 (1987) (standard for permanent injunction "essentially the same"
15  as for preliminary injunction with the exception that permanent injunction movant must show
16  actual, rather than likely, success on the merits).

17  **A.     Timeliness of Requested Remedy**

18  The Court first notes that the Trusts' request for *permanent* equitable relief seems
19  misplaced at this stage in the litigation. Discovery is permitted until October 31, 2008 (*see*
20  Amended Discovery Plan and Scheduling Order (#49) at 7);  and as of the date of this order, trial
21  is set for March 23, 2009. (*See* Minute Order in Chambers (#66).)  Because the Trusts have not
22  demonstrated actual success on the merits of their case, their request for a permanent injunction is
23  at best premature.  *See Amoco Production Co.*, 480 U.S. at 546 n.12.

---

[2] *See also Fanning*, 520 F. Supp. 2d at 59 (D.D.C. 2007) ("it is well settled that financial loss does *not* constitute irreparable injury because the financial loss can be remedied with money damages") (emphasis in original) (citations omitted).

AO 72
(Rev. 8/82)

**B.     Irreparable Harm**

Even if the above barrier to the Trusts' Motion did not exist, the Trusts have not made an adequate showing of irreparable harm to qualify for injunctive relief. The Trusts correctly assert that section 515 of ERISA precludes an employer from discontinuing payments to a multiemployer benefit plan even when the employer argues the underlying collective bargaining agreement is voidable. *See, e.g.*, *MacKillop v. Lowe's Market, Inc.*, 58 F.3d 1441, 1443–46 (9th Cir. 1995). But an employer's delinquency under such circumstances does not compel the conclusion that the plan or its beneficiaries are thereby threatened with irreparable harm. Indeed, it is well-settled that "the facts of each case may differ, and an injunction must be issued on a case-by-case basis." *Gould*, 870 F.2d at 1221 (7th Cir. 1989). Generally, "where the courts found that the pension funds would suffer irreparable harm, the financial security of the pension fund was at immediate and serious risk, or the fund was unable to pay its obligations." *See Fanning*, 520 F.Supp.2d at 59 (D.D.C. 2007) (citing *Laborers' Int'l Union of America Nat'l Pension Fund v. Pac. Ascorp*, 12 E.B.C. 1864 (D.D.C.1990); *Van Drivers Union v. Neal Moving & Storage*, 551 F. Supp. 429, 432 (D. Ohio 1982)). *See also Laborers Fringe Ben. Funds-Detroit and Vicinity v. Northwest Concrete & Construction, Inc.*, 640 F.2d 1350, 1353 (6th Cir. 1981) (per curiam). No such demonstration has been made here.

The only allegation the Trusts make even approaching the required showing is a single sentence in a declaration from the Trusts' primary collections attorney:

> Willis' failure to pay the Trusts the contributions required by the [collective bargaining agreement] and the Trust Agreements places in jeopardy the continued health and welfare benefits and the pension benefits of employees who participate in the Trusts, benefits which, in some cases, are extended to dependents, spouses, and former spouses of participating employees.

(Dkt. #45, Mot. Attach., Decl. of Robert A. Bohrer, ¶ 11.) Without for a moment underestimating the importance of the benefits provided by such plans, *see MacKillop*, 58 F.3d at 1443–44, the Court concludes the Trusts' vague and otherwise unsupported claim that Willis Roof's nonpayment to the Trusts places those benefits "in jeopardy" is inadequate to show irreparable

1  injury (though nothing in this Order precludes them from hereafter attempting such a showing).
2  Similarly, the Trusts have not shown how Willis Roof's alleged failure to file reports relating to
3  plan contributions constitutes irreparable harm. *See Goldie's Bookstore, Inc. v. Superior Court of*
4  *State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable
5  injury") (citation omitted). Indeed, nothing the Trusts have submitted suggests they cannot be
6  made whole through "compensatory or other corrective relief . . . available at a later date, in the
7  ordinary course of litigation[.]" *Sampson*, 415 U.S. at 90.
8        The Trusts have not shown they have suffered an irreparable injury or "that
9  remedies available at law, such as monetary damages, are inadequate to compensate for that
10 injury." *See eBay*, 547 U.S. at 390. As such, the Court does not reach the other elements of the
11 standard for permanent injunctive relief.

## CONCLUSION

13       Accordingly, and for good cause appearing,
14       IT IS HEREBY ORDERED that Plaintiffs' Motion for Permanent Injunction (#45)
15 is DENIED.

17       Dated: September 23, 2008

_____
ROGER L. HUNT
Chief United States District Judge