**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| D. James Hadel and Robert Daisin, as Fiduciaries of the NATIONAL ROOFING INDUSTRY PENSION PLAN; James Hadel and John Plescia, as Fiduciaries of the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>WILLIS ROOF CONSULTING, INC., a Nevada Corporation; JOSEPH A. WILLIS, individually and as Trustee of the Joemar Irrevocable Trust, as Trustee under an Agreement Dated June 24, 1997, and as Trustee of the Joseph Arthur Willis Separate Property Trust; MARIE E. WILLIS, individually, and as Trustee of the Willis J & M 1990 Living Trust Agreement; JOHN DOES I–XX, inclusive; and ROE ENTITIES I–XX, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:06-cv-01032-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Amend Complaint–#161) |

　　　Before the Court is Plaintiffs' **Motion to Amend Complaint** (#161), filed June 18, 2010. The Court has also considered Defendants' Opposition (#167), filed July 6, 2010, and Plaintiffs' Reply (#168), filed July 16, 2010.

/

/

1

## BACKGROUND

The present Motion to Amend arises out of ongoing litigation between Plaintiffs, representatives of two Union-affiliated Trusts, and Defendants, a high-volume Las Vegas roofing company and its officers. Plaintiffs allege that Defendants Joseph and Marie Willis, acting as officers of Willis Roof in their capacities as individuals and as representatives of family trusts, are responsible for Willis Roof's failure to contribute properly to the Union Trusts.

On August 23, 2006, the Trusts filed suit in this Court against Willis Roof, Joseph and Marie Willis, and unnamed Doe and Roe general contractors. Plaintiffs alleged claims for (1) breach of contract; (2) payment of labor indebtedness; (3) breach of fiduciary duty; and (4) injunctive relief. Plaintiffs now seek leave to amend their complaint to name specific general contractors and to provide additional detail with respect to their breach of contract claim. Plaintiffs have attached to their motion an proposed amended complaint. For the reasons discussed below, the Court grants Plaintiffs' Motion to Amend.

## DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, "after responsive pleadings have been filed and in the absence of the adverse party's written consent, a party may amend its complaint only by leave of the court." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if (1) it will cause undue delay or (2) undue prejudice to the opposing party, (3) the request is made in bad faith, (4) the party has repeatedly failed to cure deficiencies, or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Plaintiffs seek leave to amend their complaint to add general contractor defendants and to provide additional details regarding their breach of contract claim. Although Plaintiffs seek to amend their complaint four years after it was first filed, the Court finds the circumstances here

warrant granting Plaintiffs' request.  First, delays in discovery have prevented Plaintiffs from identifying the general contractors which it now seeks to add as defendants.  Now that Plaintiffs have discovered the identities of these individuals, the Court finds it is appropriate for Plaintiffs to name them as parties.  Second, Defendants have moved to dismiss Plaintiffs' breach of contract claim under the relatively new federal pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When Plaintiffs filed suit in 2006, however, this standard was not yet in place.  Defendants now seek to amend their breach of contract claim to comply with *Twombly* and to avoid having this claim dismissed under that standard.  The Court finds this request is reasonable: holding a pre-*Twombly* pleading to the *Twombly* standard would be unfair to Plaintiffs.  Accordingly, the Court hereby grants Plaintiffs' Motion to Amend Complaint.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend Complaint (#161) is GRANTED.

Plaintiffs shall file their amended complaint within 5 days of the date of this Order.

Dated:   July 20, 2010.

_____
ROGER L. HUNT
Chief United States District Judge