UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D. James Hadel and Robert Daisin, as Fiduciaries of the NATIONAL ROOFING INDUSTRY PENSION PLAN; James Hadel and John Plescia, as Fiduciaries of the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,<br><br>     Plaintiffs,<br><br>  vs.<br><br>WILLIS ROOF CONSULTING, INC., a Nevada Corporation; JOSEPH A. WILLIS, individually and as Trustee of the Joemar Irrevocable Trust, as Trustee under an Agreement Dated June 24, 1997, and as Trustee of the Joseph Arthur Willis Separate Property Trust; MARIE E. WILLIS, individually, and as Trustee of the Willis J & M 1990 Living Trust Agreement; JOHN DOES I–XX, inclusive; and ROE ENTITIES I–XX, inclusive,<br><br>     Defendants. | Case No.: 2:06-cv-01032-RLH-RJJ<br><br>**O R D E R** |

  On April 9, 2010, almost three years after Plaintiffs commenced this lawsuit, Defendant Willis Roof filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Nevada. On April 15, Willis Roof filed a Suggestion of Bankruptcy informing this Court of the pending bankruptcy proceedings. As Willis Roof noted in its Suggestion of Bankruptcy, its decision to file bankruptcy automatically stays Plaintiffs' claims against Willis Roof under 11 U.S.C. § 362(a)(1).

AO 72
(Rev. 8/82)

1   11 U.S.C. § 362 requires the Court to observe the automatic stay as to Willis Roof. The Court notes, however, that the automatic stay also applies to Joseph and Marie Willis because Plaintiffs filed suit against them in their official capacities as alter-egos of Willis Roof. Alter-ego claims against officers of a bankrupt company that arise out of the company's financial obligations belong to the bankruptcy estate and are therefore subject to the automatic stay. *See In re Schimmelpennick*, 183 F.3d 347, 357–58 (5th Cir. 1999); *St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701–02 (2d Cir. 1989).

Because all outstanding motions in this case pertain to either Willis Roof or Joseph and Marie Willis, the Court hereby denies as moot all outstanding motions. The parties may refile these motions when the bankruptcy proceedings conclude or in the event the bankruptcy court lifts the automatic stay.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the following Motions are DENIED without prejudice as MOOT:

- Motion for Magistrate Judge to Reconsider (#126)
- Motion to Dismiss (#142)
- Motion to Dismiss, or in the Alternative for Summary Judgment (#144)
- Emergency Motion to Leave to File Excess Pages (#154)
- Motion for Sanctions (#158)
- Motion to Strike (#162)

Dated: August 4, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)