UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D. James Hadel and Robert Daisin, as Fiduciaries of the NATIONAL ROOFING INDUSTRY PENSION PLAN; James Hadel and John Plescia, as Fiduciaries of the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIS ROOF CONSULTING, INC., a Nevada Corporation; JOSEPH A. WILLIS, individually and as Trustee of the Joemar Irrevocable Trust, as Trustee under an Agreement Dated June 24, 1997, and as Trustee of the Joseph Arthur Willis Separate Property Trust; MARIE E. WILLIS, individually, and as Trustee of the Willis J & M 1990 Living Trust Agreement; Acropolis Investments, LTD, et. al,<br><br>Defendants. | Case No.: 2:06-cv-01032-RLH-RJJ<br><br>**O R D E R**<br><br>(Emergency Motion to Strike–#172) |

   Before the Court is Defendants Willis Roof, Joseph Willis, and Marie Willis' **Emergency Motion to Strike** (#172), filed August 3, 2010.

   On June 18, 2010, Plaintiffs National Roofing Industry Pension Plan and National Roofers & Employers Union Health and Welfare Fund ("Trusts") sought leave to amend their complaint in order to add specific general contractors as defendants and to provide additional details with respect to their breach of contract claim. The Trusts attached a proposed amended

1  complaint to their motion to amend.  After reviewing the proposed amended complaint, the Court
2  granted the Trusts' motion on July 20.  Five days later, the Trusts filed their amended complaint.
3  The amended complaint differs from the proposed amended complaint in two material ways.  First,
4  the amended complaint includes a "General Allegations" section that adds a number of factual
5  assertions and background information that is not included in the proposed amended complaint.
6  Second, the amended complaint adds as defendants a number of bond and insurance companies
7  that were not identified in the proposed amended complaint.

8  Defendants now bring an emergency motion to strike, claiming that the Trusts
9  should not be permitted to file an amended complaint that differs from their proposed amended
10 complaint.  Defendants also move for sanctions, alleging that the Trusts—by filing an amended
11 complaint that has not been wholly approved by the Court—caused Defendants to incur
12 unnecessary attorney's fees.  (*Id.*)

13 The Court grants Defendants' motion to strike.  First and foremost, the Court is
14 disappointed that the Trusts requested leave to add specified contractors and then added over 15
15 additional, previously unnamed bond and insurance companies.  The Court granted the Trusts'
16 motion to amend only after the Trusts explained how they have claims against these contractors
17 and why they had not already named the contractors as defendants.  In contrast, the Court has no
18 information regarding the nature of the Trusts' claims against these bond and insurance
19 companies.  It was therefore improper for the Trusts to add these parties as defendants without first
20 seeking leave of the Court to do so.  The Court also grants Defendants' motion because it was
21 improper for the Trusts to add factual allegations in a new "General Allegations" section of the
22 amended complaint.  It is currently unclear whether these factual assertions change the nature of
23 the Trusts' claims; nonetheless, the Court agrees with Defendants: it was improper for the Trusts
24 to file an amended complaint "that was altered substantially from what was presented to the Court
25 for approval." (Dkt. #172, Mot. 6.)  Accordingly, the Court grants the Trusts' motion to strike the
26 amended complaint.

The Court also grants Defendants' request for sanctions because the Trusts' improper gamesmanship and arguably bad faith conduct have caused Defendants to incur unnecessary legal expenses.  The Court therefore sanctions the Trusts in the amount of $2,000 for filing an amended complaint that substantially differs from the proposed amended complaint.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Emergency Motion to Strike is GRANTED.  The Trusts' Amended Complaint is hereby stricken from the record.  The Court also strikes from the record all service of process effectuated by the Trusts based on the Amended Complaint.

IT IS FURTHER ORDERED that the Trusts file the proposed amended complaint and entitle it "Second Amended Complaint" within five days of the date of this Order.

IT IS FURTHER ORDERED that the Trusts serve Defendants with a copy of the Second Amended Complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Trusts are sanctioned in the amount of $2,000.

Dated: August 9, 2010.

_____
ROGER L. HUNT
Chief United States District Judge