UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| D. James Hadel and Robert Daisin, as Fiduciaries of the NATIONAL ROOFING INDUSTRY PENSION PLAN; James Hadel and John Plescia, as Fiduciaries of the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIS ROOF CONSULTING, INC., a Nevada Corporation; JOSEPH A. WILLIS, individually and as Trustee of the Joemar Irrevocable Trust, as Trustee under an Agreement Dated June 24, 1997, and as Trustee of the Joseph Arthur Willis Separate Property Trust; MARIE E. WILLIS, individually, and as Trustee of the Willis J & M 1990 Living Trust Agreement; Acropolis Investments, LTD, et. al,<br><br>Defendants. | Case No.: 2:06-cv-01032-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Reconsider–#248) |

     Before the Court is Plaintiffs National Roofing Industry Pension Plan and National Roofers & Employers Union Health and Welfare Fund's (the "Trusts") **Motion to Reconsider, Vacate, Modify, Clarify, and Stay Effect of the Court's August 10, 2010 Order** (#248), filed August 12, 2010.

/

1

1          On June 18, 2010, the Trusts sought leave to amend their complaint in order to add
2   specific general contractors as defendants and to provide additional details with respect to their
3   breach of contract claim.  The Trusts attached a proposed amended complaint to their motion to
4   amend.  After reviewing the proposed amended complaint, the Court granted the Trusts' motion on
5   July 20.  Five days later, the Trusts filed their amended complaint.  The amended complaint
6   differed from the proposed amended complaint in two material ways.  First, the amended
7   complaint includes a "General Allegations" section that adds a number of factual assertions and
8   background information that is not included in the proposed amended complaint.  Second, the
9   amended complaint adds as defendants a number of bond and insurance companies that were not
10  identified in the proposed amended complaint.
11         Shortly after Plaintiffs filed their amended complaint, Defendants moved to strike
12  the complaint and for sanctions against Plaintiffs for filing an amended complaint that differed
13  from the proposed amended complaint.  On August 9, the Court issued an order in which it granted
14  Defendants' motion, struck the amended complaint, and sanctioned Plaintiffs in the amount of
15  $2,000.  Plaintiffs now ask the Court to reconsider its order.  Plaintiffs claim the Court should not
16  have stricken their amended complaint because they stated in their reply brief that the "proposed
17  Amended Complaint [was] not yet in final form." (Dkt. #248, Mot. 4.)  According to Plaintiffs,
18  they should be permitted to file an amended complaint that varies from the proposed amended
19  complaint because they informed the Court that their proposed amended complaint was not
20  complete.  (Dkt. #248, Mot. 4.)
21         The Court disagrees strongly with Plaintiffs' assertion and denies their motion for
22  reconsideration.  The Court does so for two reasons.  First, nothing in the law permits Plaintiffs to
23  file an amended complaint that materially differs from the proposed amended complaint.
24  Although Plaintiffs argue that Local Rule 15-1 does not expressly require that the amended
25  pleading mirror the proposed amended pleading, the case law they cite illustrates why their
26  argument nonetheless lacks merit.  Citing to *Wolgin v. Simon*, 722 F.2d 389, 394–95 (8th Cir.

AO 72
(Rev. 8/82)

1983), Plaintiffs assert that the purpose of "the motion [to amend] and proposed amendment [is to] indicate how the party intends to amend its pleading." (Dkt. #248, Mot. 7.) Plaintiffs, however, fail to recognize that neither their motion to amend nor their proposed amended complaint mentions anything about adding seventeen bonding/insurance companies as defendants. Because Defendants added these parties without seeking leave of the Court, Plaintiffs failed to indicate how they truly intended to amend their complaint. *See Wolgin*, 722 F.2d at 394–95.

Second, the Court is not convinced by Plaintiffs' argument that they somehow reserved the right to file an amended complaint that differed from the proposed amended complaint. Plaintiffs essentially argue that by filing an amended complaint that "[was] not yet in final form," they have *carte blanche* to file an amended complaint that varies materially from the proposed amended complaint. (Dkt. #248, Mot. 4.) The Court rejects this argument. It would be fundamentally unfair for plaintiffs to seek leave to amend on one basis, and then to be able to amend their complaint however they wish.

The Court notes Plaintiffs also argue that the bankruptcy stay prevents the Court from ruling on Defendants' motion to strike the amended complaint. The Court disagrees with this assertion as well. At the time the Court denied all outstanding motions relating to this case because of the bankruptcy stay, Defendants' motion to strike had not yet appeared on the Court's docket. Furthermore, although the substantive merits of this case will be stayed pending the bankruptcy appeal, it was proper for the Court to rule on Defendants' motion to strike the amended complaint. Put in other words (and contrary to Plaintiffs' assertions), if Plaintiffs can amend their complaint despite the bankruptcy stay, Defendants can move to strike the amended complaint despite the bankruptcy stay.

Finally, because Plaintiffs now admit they were disingenuous in not presenting the actual amended complaint they intended to file when they filed the motion to amend, the Court withdraws its order (#169) granting the motion to amend and denies the original motion to amend (#161).

3

The Court's order sanctioning Plaintiffs also stands. The bankruptcy stay is designed to protect the debtor from judgments while it is pursuing its rights in bankruptcy court. It does not prevent the Court from sanctioning a party (especially the non-debtor) under Rule 11 for engaging in inappropriate conduct.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration (#248) is DENIED.

IT IS FURTHER ORDERED that the Court WITHDRAWS is previous Order (#169) granting Plaintiffs' Motion to Amend (#161) hereby DENIES Plaintiffs' Motion to Amend (#161).

Dated: August 13, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**