UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| D. James Hadel and Robert Daisin, as Fiduciaries of the NATIONAL ROOFING INDUSTRY PENSION PLAN; James Hadel and John Plescia, as Fiduciaries of the NATIONAL ROOFERS & EMPLOYERS UNION HEALTH & WELFARE FUND,<br><br>     Plaintiffs,<br><br>  vs.<br><br>WILLIS ROOF CONSULTING, INC., a Nevada Corporation; JOSEPH A. WILLIS, individually and as Trustee of the Joemar Irrevocable Trust, as Trustee under an Agreement Dated June 24, 1997, and as Trustee of the Joseph Arthur Willis Separate Property Trust; MARIE E. WILLIS, individually, and as Trustee of the Willis J & M 1990 Living Trust Agreement; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,<br><br>     Defendants. | Case No.: 2:06-cv-01032-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Reconsider–#249;<br>Motion for Release of Funds–#259) |

   Before the Court is Plaintiffs D. James Hadel and Robert Daisin's **Motion to Reconsider and Clarify August 5, 2010 Order** (#249), filed August, 12, 2010.  The Court has also considered Defendants Joseph A. Willis and Marie E. Willis' ("Individual Defendants") Opposition (#255), filed August 23, 2010, and Plaintiffs' Reply (#258), filed August 24, 2010.

1

Also before the Court is Individual Defendants' **Request for Release of Funds Deposited with the Court** (#259), filed August 25, 2010.

## BACKGROUND

On April 9, 2010, almost three years after Plaintiffs commenced this lawsuit, Defendant Willis Roof filed for bankruptcy. Pursuant to 11 U.S.C. § 362(a)(1), Willis Roof's decision to file bankruptcy automatically stayed Plaintiffs claims against Willis Roof. However, the Court further held that Plaintiffs' alter-ego claims against Joseph and Marie Willis also belong to the bankruptcy estate and are therefore subject to the automatic stay. (Dkt. #203, Order, Aug. 4, 2010). Accordingly, the Court denied as moot six motions pertaining to either Willis Roof or Joseph and Marie Willis. (*Id.*).

Four months later, on August 9, the Court entered an order (#245) sanctioning Plaintiffs $2,000 for filing an amended complaint that differed substantially from the proposed amended complaint filed with their motion to amend (#161). The Court found this arguably bad faith conduct caused Defendants to incur unnecessary legal expenses. However, instead of providing the $2,000 sanction award to counsel for the Individual Defendants, Plaintiffs' deposited the $2,000 with the Court on August 19, 2010 (#254) and filed a Notice of Compliance with Court Order on August 23, 2010 (#257).

Finally, on August 12, Plaintiffs filed this motion to reconsider and clarify the courts August 4 order (#203). Two weeks later Defendants filed a request for release of the $2,000 deposited by Plaintiffs in satisfaction of the sanctions award. For the reasons discussed below, the Court denies Plaintiffs' motion to reconsider and grants Individual Defendants' request for release of funds.

/

/

/

/

# DISCUSSION

## I. Plaintiffs' Motion to Reconsider and Clarify

### A. Legal Standard

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders. However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if the district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004). The Seventh Circuit has said that "[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must, strike [the court] as wrong with the force of a five-week-old unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Finally, motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

### B. Analysis

The Court denies Plaintiffs' motion because they have not met their burden by showing that the court committed clear error in its previous order. Plaintiffs argue that the alter-ego claims asserted against Individual Defendants are not subject to the automatic stay because a

AO 72
(Rev. 8/82)

trustee has no standing to assert alter-ego claims against a debtor. However, the mere fact that the trustee cannot bring an alter-ego claim does not exempt such claims from the automatic stay. The Court also does not see the need to clarify it previous order (#203). The Court specifically listed the motions it denied as moot; no further clarification is necessary. Accordingly, the Court denies Plaintiffs' motion to reconsider and clarify

## II.     Individual Defendants' Request for Release of Funds

The Court grants Individual Defendants' request for release of funds. The $2,000 sanction award deposited by Plaintiffs' with the Court should have been provided to counsel for the Individual Defendants. Accordingly, the Court will direct the Clerk of Court to release the $2,000 deposited by Plaintiffs on August 19, 2010 (#254), to the law firm of Greenberg Traurig.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs D. James Hadel and Robert Daisin's Motion to Reconsider (#249) is DENIED.

IT IS FURTHER ORDERED that Defendants Joseph A. Willis and Marie E. Willis' Request for Release of Funds Deposited with the Court (#259) is GRANTED. The Court directs the Clerk of Court to release the $2,000 deposit made by Plaintiffs on August 19, 2010 (#254), to the law firm of Greenberg Traurig, in funds made payable to the Greenberg Traurig, LLP Trust Account, as reimbursement for attorney's fees.

Dated: December 3, 2010

_____
ROGER L. HUNT
Chief United States District Judge